IN THE COUNTY COURT OF THE TWENTIETH JUDICIAL CIRCUIT
IN AND FOR LEE COUNTY, FLORIDA
CIVIL DIVISION

CANDICE WITHROW,
an individual,

       Plaintiff,

v.

Case No.:

COLLECTO INC. d/b/a
EOS CCA,
a foreign profit corporation.

       Defendant.
_____/

## COMPLAINT

**COMES NOW**, Plaintiff, Candice Withrow (hereinafter, "Plaintiff"), by and through the undersigned counsel, and hereby files his Complaint and sues Defendant COLLECTO INC. d/b/a EOS CCA (hereinafter, "Defendant"). In support thereof, Plaintiff alleges:

### PRELIMINARY STATEMENT

This is an action for damages brought by an individual consumer for Defendant's violation of the Florida Consumer Collection Practices Act, Chapter 559, Florida Statutes (hereinafter, the "FCCPA") and Defendant's violations of the Fair Debt Collection Practices Act, 15 United States Code, Section 1692, *et seq.* (hereinafter, "FDCPA").

### JURISDICTION, VENUE & PARTIES

1. This is an action for damages that exceed $500.00, but are less than $2,500.00, exclusive of attorneys' fees and costs.

2. Jurisdiction and venue for purposes of this action are conferred by Florida Statutes, Sections 34.01, 47.011, and 559.77(1), as well as 15 United States Code, Section 1692k(d).

1

3. At all material times herein, the conduct of Defendants, complained of below, occurred in Lee County, Florida.

4. At all material times herein, Plaintiff is an individual residing in Lee County, Florida.

5. Defendant is subject to the jurisdiction of this Court as Defendant regularly transacts business in this Circuit as the events described herein occur in this Circuit.

6. At all material times herein, Defendant is a Foreign Profit Corporation licensed to do business under the laws of the State of Florida with a Principal Place of Business at 700 Longwater Drive, Norwell, MA 02061.

## FCCPA & FDCPA STATUTORY STRUCTURE

7. The FCCPA is a state consumer protection statute, modeled after the FDCPA, a statute designed to prohibit unfair, deceptive, and abusive practices in the collection of consumer debts as well as to protect against the invasion of individual privacy. 15 U.S.C., §§ 1692(a) and (e); Fla. Stat. §§ 559.55 and 559.77(5)

8. The FDCPA imposes civil liability on any debt collector—and the FCCPA imposes liability on any creditor/person as well as any debt collector— who "uses any instrumentality of interstate commerce or the mails in any business the principal purposes of which is the collection of any debts," or who "regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another" and both statutes prohibit engaging in particular violative conduct in connection with collecting consumer debts. 15 U.S.C. § 1692(a)(6); Fla. Stat. § 559.55(5).

9. Specifically, the FDCPA and FCCPA prohibit unlawful debt collection "communication" with consumer debtors, which is defined as "the conveying of information

regarding a debt *directly or indirectly* to any person *through any medium*" (emphasis added). 15 U.S.C. § 1692(a)(2); Fla. Stat. § 559.55(2).

10. For example, the FDCPA prohibits a debt collector from engaging in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a consumer debt, or from using false, deceptive, or misleading representations or means in connection with the collection of any consumer debt. *See* 15 U.S.C. §§ 1692(d)-(e).

11. Similarly, the FCCPA prohibits a person from collecting consumer debt by communicating with the consumer in a manner that can be expected to harass or abuse the consumer debtor, and also prohibits a person from claiming, attempting, or threatening to enforce a consumer debt "when such person knows that the debt is not legitimate" or by asserting a legal right that does not exist. *See* Fla. Stat. § 559.72(7) and 559.72(9).

## GENERAL ALLEGATIONS

12. At all material times herein, Defendant is a "creditor" as defined by Florida Statutes, Section 559.55(5).

13. At all material times herein, Plaintiff is a "debtor" or "consumer" as defined by Florida Statutes, Section 559.55(8).

14. At all material times herein, Defendant is a "debt collector" as defined by 15 United States Code Section 1692a(6) and Florida Statutes, Section 559.55(7).

15. At all material times herein, Defendant used interstate mail while engaging in a business, the principal purpose of which is the collection of consumer debts.

16. At all material times herein, Defendant collects or attempts to collect—directly or indirectly—debts owed or due to another, or asserted to be owed or due to another.

17. At all material times herein, Plaintiff is a "debtor" or "consumer" as defined by

Florida Statutes, Section 559.55(8) and 15 United States Code, Section 1692a(3).

18. At all times material herein, Defendant attempted to collect an alleged debt due from Plaintiff, specifically a Verizon Debt, (hereinafter, "Debt").

19. At all material times herein, Defendant is a "person" subject to Florida Statutes, Section 559.72. *See* Fla. Stat. § 559.55(5); *see also Schauer v. General Motors Acceptance Corp.*, 819 So. 2d 809 (Fla. 4th DCA 2002).

20. At all material times herein, Defendant acted themselves, or through their agents, employees, officers, members, directors, successors, assigns, principals, trustees, sureties, subrogees, representatives, third-party vendors, lawyers, and insurers.

21. At all material times herein, the Debt was consumer debt, an obligation resulting from a transaction or transactions for goods or services, and was incurred primarily for personal, household, or family use.

22. All necessary conditions precedent to the filing of this action occurred or have been waived by Defendant.

## FACTUAL ALLEGATIONS

23. Plaintiff allegedly owes a debt for products and services by Verizon in 2015

24. The alleged debt was given to Defendant for collection.

25. On July 25, 2018 at 2:27 P.M. Plaintiff received a call from Defendant and instructed them that she was represented by an attorney and to contact her attorney. The representative for Defendant stated that they would not call back again.

26. On July 31, 2018, at 6:28 P.M. Defendant placed another call to Plaintiff in an attempt to collect a debt. See Call Logs attached as Exhibit "A."

27. Plaintiff retained the Law Offices of Consumer Law Attorneys Corp. (hereinafter

collectively, "Undersigned Counsel") for the purpose of pursuing this matter against the Defendant, and Plaintiff is obligated to pay his attorney a reasonable fee for their services.

28. Florida Statutes, Section 559.77 provides for the award of $1,000.00 statutory damages, actual damages, punitive damages, and an award of attorneys' fees and costs to Plaintiff, should Plaintiff prevail in this matter against Defendant.

29. United States Code, Title 15, Section 1692k provides for the award of up to $1,000.00 statutory damages, actual damages, costs, and an award of attorney's fees to Plaintiff, should Plaintiff prevail in this matter against Defendant.

### COUNT ONE:
### UNLAWFUL DEBT COLLECTION PRACTICE –
### VIOLATION OF FLORIDA STATUTES, SECTION 559.72(9)

Plaintiff re-alleges paragraphs one (1) through twenty-nine (29) as if fully restated herein and further states as follows:

30. Defendant are subject to, and violated the provisions of, Florida Statutes, Section 559.72(18) Communicate with a debtor if the person knows that the debtor is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the debtor's attorney fails to respond within 30 days to a communication from the person, unless the debtor's attorney consents to a direct communication with the debtor, or unless the debtor initiates the communication..

31. Specifically, at no time did Defendant have authority to contact Plaintiff when Defendant knew she was represented by an attorney and Plaintiff told Defendant specifically to call her attorney.

32. Despite the same, Defendant called Plaintiff.

33. At all material times herein, Defendant knew Plaintiff was represented by counsel.

34. As a direct and proximate result of Defendant' actions, Plaintiff sustained damages as defined by Florida Statutes, Section 559.77.

## COUNT TWO:
## UNLAWFUL DEBT COLLECTION PRACTICE – VIOLATION OF 15 UNITED STATES CODE, SECTIONS 1692d

Plaintiff re-alleges paragraphs one (1) through twenty-nine (29) as if fully restated herein and further states as follows:

35. Defendant is subject to, and violated the provisions of, 15 United States Code, Section 1692c, which prohibits debt collectors from communicating with a consumer in connection with the collection of any debt if (2) if the debt collector knows the consumer is represented by an attorney.

36. Specifically, at no time did Defendant have consent to contact Plaintiff.

37. Defendant was instructed to contact Plaintiff's counsel in the conversation on July 25, 2018.

38. As a direct and proximate result of Defendant's actions, Plaintiff has sustained damages as defined by 15 United States Code, Section 1692k.

## PRAYER FOR RELIEF

**WHEREFORE**, as a direct and proximate result of Defendant's actions and conduct, Plaintiff respectfully requests against Defendant entry of:

    a. Judgment against Defendant declaring that Defendant violated the FCCPA and FDCPA;

b. Judgment against Defendant for maximum statutory damages for violations of the FCCPA and FDCPA;

c. Judgment against Defendant for actual damages in an amount to be determined at trial;

d. Judgment against Defendant for an award of reasonable attorneys' fees and costs; and

e. Any other such relief the Court may deem proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues triable by right

## SPOLIATION NOTICE AND DEMAND TO RETAIN EVIDENCE

Plaintiff hereby gives notice to Defendant, and demands that they and their affiliates safeguard all relevant evidence—paper, electronic documents, or data—pertaining to this potential litigation as required by law.

Respectfully submitted,

**Consumer Law Attorneys**

*/s/ Young Kim*
**Young Kim, Esq., FBN 122202**
2727 Ulmerton Rd., Ste. 270
Clearwater, FL 33762
Phone: (877) 241-2200
service@consumerlawattorneys.com
ykim@consumerlawattorneys.com
*Counsel for Plaintiff*